UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EDGAR MICHAEL AVILA**<br>**REG. # 14999-479** | : | **DOCKET NO. 17-cv-1153**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Edgar Michael Avila. Avila is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.
#### BACKGROUND

Pursuant to a plea agreement, Avila was convicted in the Southern District of Texas of one count of making a false statement in a loan and credit application, a violation of 18 U.S.C. § 1014. *See United States v. Avila*, No. 4:16-cr-0310, docs. 29, 48 (S.D.T.X. Dec. 15, 2016). At a hearing on December 12, 2016, he was sentenced to a twenty-seven month term of imprisonment. *Id.* at docs. 44, 48. He filed a notice of appeal in the United States Court of Appeal for the Fifth Circuit, but his appeal was dismissed at the government's motion on June 15, 2017. *Id.* at docs. 50, 74. He

also filed two identical motions to vacate in the Southern District of Texas pursuant to 28 U.S.C. § 2255, arguing constitutional errors in his conviction and that the court was without jurisdiction to sentence him. *Id.* at docs. 56, 57. The court summarily denied both motions on January 10, 2017. *Id.* at doc. 62. Avila then filed a motion for correction and reduction of sentence on July 10, 2017, which was summarily denied the following day. *Id.* at docs. 75, 76.

Avila now brings the instant petition for writ of habeas corpus in this court, seeking a reversal of his conviction and release from custody or reduction in sentence. Doc. 4, p. 8. He alleges that the Southern District of Texas lacked evidence of its jurisdiction over him, that the prosecution failed to allege an essential element of the criminal charge and committed prosecutorial misconducted by advancing arguments without any evidence, and that the sentencing court improperly applied the sentencing guidelines. Doc. 1, att. 2; doc. 4, pp. 6–7.

## II.
## LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Schaffer collaterally attacks his incarceration, arguing that he has been subjected to an illegal sentence. Therefore, his claim should be advanced in a motion to vacate.

The savings clauses of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or

ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Instead, Avila must demonstrate the following to show that his prior remedy was inadequate or ineffective: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). However, the only Supreme Court decisions cited by Avila predate his conviction by decades. *See* doc. 1, att. 2, p. 2. Furthermore, all of the Supreme Court decisions cited relate to federal jurisdiction over civil cases and thus have little application to the jurisdictional element of the criminal statute under which Avila was convicted. Accordingly, Avila does not satisfy the requirements for advancing his claims in this court under § 2241 and his petition must be dismissed for lack of jurisdiction. *Rodriguez v. Jones*, 533 Fed. App'x 463, 464 (5th Cir. 2013).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE